IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY BRUNNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-17 |
| | ) |
| GEORGE M. LITTLE, ACTING | ) |
| SECRETARY, PA DOC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Timothy Brunner, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), commenced this *pro se* civil rights action on January 24 2023, asserting claims under 42 U.S.C. §1983 against seven individuals employed by the Pennsylvania Department of Corrections ("DOC"), including the Acting Secretary of the DOC, the Superintendent of SCI-Albion, and five prison officials. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Currently before the Court is Plaintiff's Motion for Preliminary Injunctive Relief, which was filed of record on March 29, 2023. ECF No. 10. In his motion, Plaintiff seeks an order directing the Defendants and their subordinates to "cease the harassment of [P]laintiff in all manners detailed in the Statement of Claims in the Complaint," which allegedly include:

> excessive pat-searches; unwarranted strip searches; frivolous or malicious cell searches; seizure of property; loss of outgoing mail or rejection of incoming mail; loss of checks; false or frivolous/malicious misconducts, work reports, housing reports, or incident reports; redaction of e-mails sent to contacts; and any other manner in which legitimate institutional procedures can be weaponized, as in transfer or removal from level 2 housing unit.

ECF No. 10 at 1.

After considering Plaintiff's motion, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he opined that the motion should be denied. ECF No. 13. Judge Lanzillo reasoned that Plaintiff had not alleged facts to show that he would suffer immediate, irreparable harm in the absence of injunctive relief.

Plaintiff subsequently filed objections to the R&R, which were docketed on April 12, 2023. ECF No. 15. In his objections, Plaintiff states that he has been labeled a security threat, which he fears may lead to his transfer to a different institution or to his placement in administrative custody. The former action, if it occurs, would make it difficult or impossible for Plaintiff's ailing mother to visit him. The latter action, he claims, would result in the loss of legal materials or access to the law library, impeding Plaintiff's ability to prosecute this case. Plaintiff therefore requests an injunction to prevent his transfer and/or any change in his housing status.

Having given due consideration to Plaintiff's arguments, the Court finds that they are insufficient to support the "extraordinary remedy" of injunctive relief. *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 197 (3d Cir. 2014). "To satisfy the exacting standard of a preliminary injunction, the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Martinez v. Rivello*, No. 3:21-CV-01908, 2022 WL 3088092, at *4 (M.D. Pa. Aug. 3, 2022) (quoting *Golden v. Zwickler*, 394 U.S. 103, 109-110 (1969) (internal quotation marks omitted). Here, Plaintiff has identified the possibility of certain harm which he maintains would be irreparable. But at present, this harm remains hypothetical, not imminent and likely to occur. *See In re Revel AC, Inc.*, 802 F.3d 558, 569 (3d Cir. 2015) (noting that the party requesting injunctive relief must "demonstrate that irreparable injury is likely [not merely

possible] in the absence of [a] [stay].") (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (alteration in the original).

"Moreover, in the prison context, a request for injunctive relief 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Rush v. Wetzel*, No. 1:21-CV-00316, 2022 WL 18927427, at *2 (W.D. Pa. Apr. 28, 2022), *report and recommendation adopted*, No. 1:21-CV-316, 2023 WL 2330735 (W.D. Pa. Mar. 2, 2023) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). "The federal courts are not overseers of the day-to-day management of prisons" and, therefore, "[p]rison officials require broad discretionary authority as the 'operation of a correctional institution is at best an extraordinarily difficult undertaking.'" *Id.* (quoting *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)).  Here, Plaintiff has not met his considerable burden of proof relative to his request for preliminary injunctive relief.  Accordingly, upon *de novo* review of the Complaint and documents in the case, including Plaintiff's Motion for a Preliminary Injunction, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections thereto, the following Order is entered:

NOW, this 19th day of April, 2023, IT IS ORDERED that Plaintiff's Motion for a Preliminary Injunction, ECF No. [10], shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, dated March 29, 2023, ECF No. [13], is adopted as the opinion of this Court.

/s/ Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge