IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| TIMOTHY BRUNNER, | ) | |
| | ) | |
| Plaintiff | ) | 1:23-CV-00017-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | CHIEF UNITED STATES MAGISTRATE |
| LONNIE OLIVER, SUPERINTENDENT, | ) | JUDGE |
| SCI-ALBION; EARL JONES, D.S. | ) | |
| FACILITY MANAGEMENT, SCI ALBION; | ) | ORDER ON MOTION TO ALTER OR |
| KURT SUESSER, PROGRAM MANAGER, | ) | AMEND JUDGMENT |
| SCI-ALBION; HOWARD SISSEM, | ) | |
| SECURITY CAPTAIN, SCI-ALBION; | ) | IN RE: ECF NO. 54 |
| HEATHER TAYLOR, BUSINESS | ) | |
| MANAGER - SCI ALBION; AND | ) | |
| MICHELLE ROSCINSKI, CEVC-SCI | ) | |
| ALBION, | ) | |
| | ) | |
| Defendants | ) | |

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff Timothy Brunner ("Brunner")
moves the Court to reconsider its Order (ECF No. 52) on Defendants' motion to dismiss to the
extent it (1) dismissed his claims for compensatory and punitive damages, and (2) dismissed his
retaliation claim against Defendant Michelle Roscinski. *See* ECF No. 54. For the reasons
discussed herein, reconsideration is denied regarding dismissal of his claims for compensatory
and punitive damages but granted as to dismissal of his retaliation claim against Roscinski. The
Court will vacate its Order to the extent it dismissed Brunner's retaliation claim against
Roscinski based on her decision to deny Brunner a prison job on July 23, 2023.

I. Discussion

A party seeking reconsideration under Rule 59(e) must demonstrate at least one of the
following grounds: (1) an intervening change in the controlling law; (2) the availability of new

1

evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Jacki Easlick, LLC v. CJ Emerald*, 2024 WL 1657843, at *1 (W.D. Pa. Apr. 17, 2024) (citations omitted). Relying on the third ground, Brunner asserts that the Court made "clear errors of law and fact" in its Memorandum Opinion that "result[ ] in manifest injustice." ECF No. 54, p. 2. "In order to show clear error or manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court— '[p]arties are not free to relitigate issues that the Court has already decided.'" *Ricketts v. Titusville Area Sch. Dist.*, 2024 WL 1557462, at *1 (W.D. Pa. Apr. 10, 2024) (quoting *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003) (citations omitted)).  A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).  Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994) (citation omitted).  Moreover, motions for reconsideration should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D. Pa. 1993) *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

A.  Reconsideration is denied as to the dismissal of Brunner's claims for monetary relief.

Brunner's claims for monetary relief were dismissed with prejudice because he failed to properly exhaust his administrative remedies as to those claims during the prison grievance process. *See* ECF No. 51, p. 8-9.  Specifically, the Court held that his omission of any request for monetary relief in his relevant grievance (Grievance No. 994227) was a procedural default

under DC-ADM 804, the DOC's grievance policy, and precluded his recovery of such damages

in this lawsuit. *See id.* Brunner asserts that the Court made a factual error in finding that he did

not request monetary relief in Grievance No. 994227.[1]   His instant motion asserts that his

grievance included the statement, "I have been subjected to lost wages since I was removed from

the med-line job … in lieu of seeking back pay I would accept this higher paying position," and

that this statement constituted a request for monetary damages. *See ECF No. 54, p. 2.* Brunner's

assertion is disingenuous.   His Grievance No. 994227 included no such statement.   Grievance

No. 994227 stated as follow:

> On 8-14-22 I was informed by Plumber Mr. Cashone that he had
> requested me for employment and was told no by inmate
> employment, that I was not permitted to work for him.  I was
> removed from my job as the Med-Line Janitor around 4-1-22 in
> retaliation for a request detailing harassment by Cpt. Sissom dated
> 2-12-22, though Ms. Roscinski, Ms. Eddy, Lt. Floyd, Dep. Jones
> and others had told me that the collapsing of that position had
> nothing to do with me or my performance.  Since then I have been
> told by U.M. McHenry, Sissom, and others that I am not allowed
> to work anywhere other than on the block, per security.   After
> being denied to work in the library, infirmary, chapel, activities,
> and [illegible] I was told to take a clockworker job at a reduced
> pay rate or I would be removed from the honor unit.  Now I am
> also being denied placement in the plumbing shop.  Since I have
> not had a misconduct in over 20 years, have all positive housing
> and job reports, live on an honor unit, am a level 2y, and have no
> security restrictions listed against me I wish to know what criteria I
> am being judged by to deny me [illegible].

ECF No 17-11.

Brunner's initial grievance included no reference to "lost wages."  Brunner did request

"lost wages," however, in an appeal from the denial of his grievance. *See ECF No. 17-12,*

pp. 2-3.  But this did not comply with the requirements of DC-ADM 804 or cure his procedural

default.  DC-ADM 804 specifically instructs that an inmate who ultimately seeks to recover

---

[1] Brunner acknowledges that this is the relevant grievance to he claims at issue in this case. *See ECF No. 54, p. 2*
("… grievance 994227, which is one of the operable grievances in this case").

"compensation or other legal relief normally available from a court ... must request the specific

relief sought *in his/her initial grievance*."   DC-ADM 804 § 1(A)(11)(d) (emphasis supplied).

This requirement is "mandatory." *Wright v. Sauers*, 729 Fed. Appx. 225, 227 (3d Cir. 2018).

Thus, the Court did not make an error of fact when it found that Brunner's initial Grievance No.

994227 did not include a request for monetary relief or an error of law when it held that this

failure constituted a procedural default under DC-ADM 804.

     B.  Reconsideration is granted as to the dismissal of Brunner's retaliation claim against
        Defendant Roscinski.

Brunner contends that the Court committed a clear error of law or fact when it dismissed

his retaliation claim against Defendant Michelle Roscinski. *See* ECF No. 54, p. 5.   Brunner

alleged that Roscinski denied him a position as a tutor because he filed the instant lawsuit against

her.[2] *See* ECF No. 17, p. 12 (Amended Complaint).[3]   He challenges the Court' finding that the

time between the filing of his Amended Complaint and Roscinski's retaliatory actions was too

great to suggest causation. *Id.*   Brunner notes that Roscinski was not named as a Defendant until

the Amended Complaint was filed in April of 2023.   He submits that the Court incorrectly used

the date of the filing of the original Complaint (where she was not named as a Defendant) to

calculate temporal proximity. *See* ECF No. 51 pp. 15-19.   Brunner's point is well taken, and the

Court acknowledges the error in using the date the original Complaint was filed in calculating

the temporal proximity associated with his claim against Roscinski.

---

[2] Brunner was permitted to supplement his Amended Complaint with the following paragraph: "The second issue is that the Plaintiff was denied a job as a Tutor. He was tested, interviewed, and selected for this position only to be denied by CEVC Ms. Roscinski for her expressed reason of retaliating for being served this suit. The fact that Teacher Mr. Smith and his inmate tutor Mickel knew of the service before the Plaintiff had received notification of such is highly incriminating. Neither would have known of the suit, much less the date of the actual service, had Roscinski not spoken so." *See* ECF No. 47.

[3] Brunner's Rule 59(e) motion does not implicate that Court's determination that he failed to state a retaliation claim against Roscinski based on the loss of his janitor position. *See* ECF No. 51, p. 17 ("Brunner's allegation that Roscinski 'collapsed' and 'ended' his janitorial position upon orders from Sissem does not state a retaliation claim because he fails to allege facts to support that Roscinski acted with a retaliatory motive.").

The Court also perceives potential merit in Brunner's argument that temporal proximity between the protected conduct and the asserted adverse action should be measured from the date Roscinski was served with or otherwise became aware of the Amended Complaint rather than the date it was filed.  The Amended Complaint was filed on April 12, 2023.  *See* ECF No. 17. Brunner asserts that Roscinski was not served with the Amended Complaint until July 14, 2023, and that she denied him a prison job on July 23, 2023, a mere nine days later.  *See* ECF No. 54, p. 6.  Unfortunately, the docket does not disclose when Roscinski was served with or otherwise became aware of the Amended Complaint or her inclusion in the lawsuit.  "Typically, the plaintiff must show 'unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action."  *Easley v. Vogt*, 2024 WL 2794663, at *4 (M.D. Pa. Aug. 13 2024) (quoting *Watson v. Rozum*, 834 F.3d 417, 424 (3d Cir. 2016)).  Where the adverse action is allegedly taken in response to the filing of a lawsuit, the relevant date is normally the date the lawsuit was filed.  *See Lawson v. SCI Phoenix's Gina Clark*, 2023 WL 6690703, at *3 (E.D. Pa. Oct. 12, 2023) (citing *Blakney v. City of Phila.*, 559 Fed. Appx. 183, 186 (3d Cir. 2014) ("We measure temporal proximity from the date on which the litigant first files a complaint.").  *See also Minor v. McDonough*, 2023 WL 5496628, at *13 (W.D. Pa. Aug. 22, 2023) (citing *Gladysiewski v. Allegheny Energy*, 398 Fed. Appx. 721, 724 (3d Cir. 2010) ("[W]e typically measure temporal proximity from the date of filing rather than from the date a lawsuit is resolved, since the "protected activity" in which a litigant engages is the filing of a complaint.") (internal citations omitted).  If the date of filing of Brunner's Amended Complaint is used as the date from which its temporal proximity is measured against Roscinski's denial of a tutor job to Brunner, it still does not support an inference of causation.  *See, e.g., Young v. Jones*, 2024 WL 3745216, at *3 (W.D. Pa. July 18, 2024) (citing *Thomas v. Town of Hammonton*, 351 F.3d 108,

114 (3d Cir. 2003) (concluding that a span of six months between protected activity and adverse action is not unduly suggestive and does not sufficiently establish any causal link); *Fischer v. Transue*, 2008 WL 3981521, *10 (M.D. Pa. Aug. 22, 2008) (temporal proximity of three weeks insufficient to establish causation); *Mar v. City of McKeesport*, 2007 WL 2769718, at *4 (W.D. Pa. Sept. 20, 2007) (three months); *Killen v. N.W. Human Servs., Inc.*, 2007 WL 2684541, at *8 (E.D. Pa. Sept. 7, 2007) (seventeen days).

Under the unique facts of this case, however, the filing date of the Amended Complaint may not be the relevant date. Whether an inference arises that the defendant was motivated by the plaintiff's protected conduct often depends on the time between the protected conduct and the adverse action. The point of the inquiry is to ascertain the defendant's state of mind or intention, *i.e.*, whether the defendant's adverse action was motivated by his or her inclusion in the lawsuit. If the plaintiff acts adversely to the plaintiff shortly after the protective conduct, an inference is permitted that the defendant was motivated by the plaintiff's protected conduct. Of course, any such inference assumes that the defendant was aware of the plaintiff's conduct. Typically, the defendant's awareness is presumed to be on or about the date of the filing of the lawsuit or grievance, or the occurrence of other protected conduct. Here, there was a substantial delay between the filing of the Amended Complaint on April 12, 2023, and the date on which counsel entered her appearance for Roscinski on July 14, 2023. *See* ECF No. 29. The record includes no indication that the Amended Complaint was ever formally served upon Roscinski or that she became aware of its existence prior to the entry of an appearance on her behalf. Thus, the record supports a plausible inference that Roscinski did not learn of her inclusion as a defendant in the Amended Complaint until shortly before her alleged adverse action. And if Roscinski only learned of her inclusion in the Amended Complaint shortly before she denied Brunner a job, a

further plausible inference follows that her action was motivated by the lawsuit.  Given these plausible inferences from and the ambiguity that presently exists in the record, the Court hereby vacates the portion of its Memorandum Opinion and Order that dismissed Brunner's retaliation claim against Roscinski.  Reinstating this claim will allow the parties to develop a record regarding the timing between Roscinski's knowledge of Brunner's protected conduct and her alleged denial of a job to Brunner.  The Court's decision to vacate this portion of its prior decision is without prejudice to Roscinski's right to raise any factual or legal defenses that the current or a more developed record may support.

So ordered.

DATED this 23rd day of August, 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE